## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY JOHNSON, | : | CIVIL CASE NUMBER |
| *Plaintiff*, | : | |
| | : | 3:16-cv-00267 (VLB) |
| v. | : | |
| | : | SEPTEMBER 4, 2019 |
| UNITED STATES OF AMERICA | : | |
| *Defendant.* | : | |

### MEMORANDUM OF DECISION DENYING AMENDED PETITION FOR RELIEF UNDER 28 U.S.C. § 2255 [ECF NO. 56]

Petitioner Anthony Johnson ("Mr. Johnson" or "Petitioner") brings this *pro se* petition for habeas relief under 28 U.S.C. § 2255, asserting seven ineffective assistance of counsel claims against his counsel who represented him prior to trial, at trial, during sentencing, and on appeal. [ECF No. 56].[1] Mr. Johnson also asserts claims that his indictment was defective and that during sentencing he was accused of and convicted of a crime without proper due process safeguards. *Id.* For the foregoing reasons, Mr. Johnson's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

### Background

On November 15, 2011, the Honorable Holly B. Fitzsimmons, United States Magistrate Judge, authorized a criminal complaint charging Mr. Johnson with conspiracy to commit fraud with access devices in violation of 18 U.S.C. § 1029(a)(2). *United States v. Johnson*, 3:12-cr-00027, [ECF No. 1]. On November

---

[1] Due to Mr. Johnson's filing of a number of conflicting petitions to vacate, set aside, or correct his sentence, on April 2, 2019 the Court ordered Mr. Johnson to file one final petition "setting out <u>all</u> of the factual bases for relief and legal support for each." [ECF No. 50 (emphasis in original)]. Mr. Johnson so filed on August 9, 2019, [ECF No. 56], and the Government responded on August 16, 2019. [ECF No. 58].

16, 2011, Mr. Johnson was arrested in the Eastern District of Pennsylvania. On December 9, 2011, following his transport to the District of Connecticut, Mr. Johnson appeared before Magistrate Judge Fitzsimmons, and Judge Fitzsimmons ordered Mr. Johnson detained pending a formal detention hearing on January 12, 2012. *Id.* [ECF No.6]. The day of his initial appearance, the Court appointed Attorney Margaret Levy to represent Mr. Johnson. *Id.* [ECF Nos. 6, 25].

On January 6, 2012, Attorney Levy, on Mr. Johnson's behalf, moved to continue the probable cause hearing until February 1, 2012. *Id.* [ECF No. 9]. On January 7, 2012, Mr. Johnson filed a speedy trial waiver in support of that motion. *Id.* [ECF Nos. 11, 12]. On January 9, 2012, Magistrate Judge Fitzsimmons granted the motion and continued the probable cause hearing until February 1, 2012. *Id.* [ECF No. 10]. During the month of January, Attorney Levy attempted to negotiate a plea agreement with the Government, but those negotiations did not come to fruition. *Id.* [ECF No. 16 at 2-5 (detailing plea negotiations)].

On January 31, 2012, a federal grand jury returned an indictment against Mr. Johnson. *Id.* [ECF No. 13]. The indictment charged Mr. Johnson with one count of unauthorized use of an access device, in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(a)(i), and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. *Id.* On February 3, 2012, Attorney Levy filed a motion to withdraw her appearance, citing Mr. Johnson's repeated accusations that Attorney Levy was "violating [his] constitutional rights" and that she was "in conspiracy with . . . the government, the court, and the U.S. Marshal's Service." *Id.* [ECF No. 16]. On February 8, 2012, Mr. Johnson, still represented by Attorney

Levy, was arraigned on the charges set forth in the indictment. *Id.* [ECF No. 17].

On February 17, 2012, this Court held a hearing on Attorney Levy's motion to withdraw in which Mr. Johnson argued that Attorney Levy had violated his rights by not obtaining certain discovery materials from the Government. *Id.* [ECF No. 85 at 1]. Finding that Mr. Johnson had "failed to establish that Attorney Levy had violated his rights," the Court granted Attorney Levy's motion to withdraw and appointed Attorney Frank J. Riccio II to represent Mr. Johnson. *Id.* [ECF Nos. 26, 85 at 1].

A superseding indictment was returned on March 27, 2012 against Mr. Johnson and two others, Lashirelle Bryant and Jamie McGowan. *Id.* [ECF No. 36]. The superseding indictment charged Mr. Johnson in ten counts: eight counts of unauthorized use of an access device, in violation of 18 U.S.C. §§ 1029(a)(2), 1029(c)(1)(a)(i), and 2; and two counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. *Id.* [ECF No. 36]. On April 10, 2012, Mr. Johnson was arraigned on the charges set forth in the superseding indictment, pleading not guilty to all counts. *Id.* [ECF No. 41].

On June 19, 2012, Attorney Riccio filed a motion to withdraw from representing Mr. Johnson, citing an "irretrievable breakdown in the relationship between Mr. Johnson and [Attorney Riccio]" and Mr. Johnson's filing of an attorney grievance complaint against Attorney Riccio with the State of Connecticut Statewide Grievance Committee because Mr. Johnson believed that Attorney Riccio "forced" Mr. Johnson to waive his speedy trial rights. *Id.* [ECF No. 76]. The Court held that Attorney Riccio's representation was effective, Mr.

Johnson's claim was "specious" and that "his grievance can only be viewed as an effort to create a conflict and delay the trial," but denied Attorney Riccio's motion to withdraw without prejudice to re-filing should Mr. Johnson not "reconcile himself to Attorney Riccio's representation." *Id.* [ECF No. 85 at 4-5]. At jury selection on July 16, 2012, Mr. Johnson moved to continue jury selection and moved to remove Attorney Riccio. *Id.* [ECF No. 98 at 1-2]. After being advised by the Court about the challenges of proceeding *pro se*, Mr. Johnson agreed to proceed with his appointed counsel and also agreed to sign a speedy trial waiver. *Id.* at 2. Jury selection was set for October 2, 2012. *Id.* [ECF No. 107].

Mr. Johnson again moved to have Attorney Riccio removed from his case on September 5, 2012, accusing Attorney Riccio of "acting in concert" with the Government to violate Mr. Johnson's rights. *Id.* [ECF No. 108]. The next day the Court granted the motion but ordered Attorney Riccio to serve as stand-by counsel for Mr. Johnson. *Id.* [ECF No. 110].

Jury selection was completed on October 2, 2012. *Id.* [ECF Nos. 113, 114]. During jury selection, Mr. Johnson moved to have the Court recuse itself, *id.* [ECF No. 112], which the court denied. *Id.* [ECF No. 115]. The Court also reappointed Attorney Riccio to represent Mr. Johnson. *Id.* [ECF No. 114]. Trial commenced on October 16, 2012. *Id.* [ECF Nos. 121, 124]. On October 18, 2012, Mr. Johnson moved to dismiss Count Two, *id.* [ECF No. 126], which the court granted, dismissing Count Two. *Id.* [ECF No. 127]. Trial ended on October 22, 2012 with

the jury's verdict of guilty on nine of the ten counts on October 22, 2012. *Id.* [ECF Nos. 129, 132].

On January 8, 2013, Mr. Johnson moved once again to have Attorney Riccio removed as his counsel, citing Attorney Riccio's alleged conspiring with the Court and the Government to "oppress[,] threat[en], and intimidate the Defendant." *Id.* [ECF No. 167 at 1]. On February 11, 2013 Attorney Riccio moved to withdraw, citing two January 2013 federal grievance complaints filed by Mr. Johnson accusing Attorney Riccio of, *inter alia*, being a "double agent" for the Government and for being involved in a "far-reaching scheme involving the Government and the Court." *Id.* [ECF No. 174 at 1]. On June 19, 2013 the Court granted Attorney Riccio's motion to withdraw. *Id.* [ECF No. 183]. On June 27, 2013 the court appointed Attorney Jonathan Einhorn to represent Mr. Johnson. *Id.* [ECF Nos. 187, 188].

On October 24, 2013, at sentencing, the Court imposed sentence on eight counts of conviction, dismissing Count 6 with the Government's consent. *Id.* [ECF Nos. 230, 232]. The Court, despite Mr. Johnson's guideline range being 360 months to life, imposed a "non-guideline sentence" of 192 months of imprisonment. *Id.* [ECF No. 232].

On October 28, 2013, Mr. Johnson filed a timely notice of appeal. *Id.* [ECF No. 233]. On January 23, 2015, the Second Circuit, via Summary Order, affirmed Mr. Johnson's conviction and sentence, rejecting Mr. Johnson's arguments regarding (1) Speedy Trial violations, (2) the Court's failure to warn him about the dangers of proceeding to trial *pro se*, (3) the PSR's allegedly improper sentence

5

enhancements, (4) the two-level sentencing enhancement for obstruction of justice caused by Mr. Johnson's attempt to have co-defendant Jamie McGowan testify that it was someone else, and not Mr. Johnson, that was involved in the crimes, (5) the calculation of loss amount, (6) prosecutorial misconduct, and (7) the Court's alleged constructive amendment of the superseding indictment. *United States v. Johnson*, 597 F. App'x 8 (2d Cir. 2015).

Mr. Johnson did not file a Petition for a Writ of Certiorari with the United States Supreme Court. Because of that, and because United States Supreme Court Rule 13(1) requires that such petitions be filed within 90 days, Mr. Johnson's conviction and sentence became final on April 23, 2015. *Rosa v. United States*, 785 F.3d 856, 859 (2d Cir. 2015) ("finality attaches when . . . the time for filing a certiorari petition expires" when petitioner has not filed an appeal) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

Thereafter, Mr. Johnson timely filed a habeas petition before the Court. This was because 28 U.S.C. § 2255(f)(1) sets a one-year limitations period from the date the judgment of conviction becomes final, which in this case was on April 23, 2016, and Mr. Johnson filed his original petition on February 17, 2016. [ECF No. 1].

Mr. Johnson's original petition raised four claims: (1) the Government knowingly presented false testimony of two cooperating witnesses; (2) the case agent, who also testified, was not sequestered; (3) the Government committed a Brady violation because it failed to turn over discovery regarding the loss amount attributed to Mr. Johnson, which would have been helpful to his case; and (4) the

Government altered the charging document by presenting evidence that the credit card Johnson stole from a victim was issued by Citizen's Bank not Citibank as referenced in Count Two of the Superseding Indictment, thereby (a) "broadening the possible bases for conviction from that which appeared in the indictment" and (b) causing the district court to err in calculating the loss amount. [ECF No. 1 at 15].

As noted, the one-year limitation period mandated by 28 U.S.C. § 2255(f)(1) expired on April 23, 2016.

On November 28, 2016, Mr. Johnson filed a Motion for Leave to Amend his original petition, noting that the government had yet to file a response to the original petition, and stating that while he needed to sufficiently plead the appropriate facts, which the original petition did not do, he d[id] not intend to change or alter any of the Issues or contentions set forth in the" original petition. [ECF No. 16]. After the Court granted Mr. Johnson's motion to amend on December 1, 2016, [ECF No. 17], Mr. Johnson filed an amended, 11-page, petition on December 27, 2016, [ECF No. 18], and then filed a corrected, 36-page, version on January 10, 2017. [ECF No. 19].

The corrected, amended petition raised the following claims: (1) Speedy Trial Act violations for not bringing Mr. Johnson to trial in the specified time and not indicting Mr. Johnson within 30 days of being charged in the complaint, (2) ineffective assistance of counsel for failing to move for dismissal based on the above alleged Speedy Trial Act violations, (3) ineffective assistance of counsel for

failing to move for a *Wade*[2] hearing to challenge the Government's improper identification techniques, (4) improper court participation in Mr. Johnson's plea process, (5) loss calculation violation under *Alleyne*,[3] (6) ineffective assistance of counsel for failing to object to the Court's loss calculations, (7) ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel on direct appeal. *Id.*

On February 16, 2018, Mr. Johnson moved to amend his petition yet again, [ECF No. 27], adding claims that the Government brought a victim – Deborah Jorgenson -- to the trial that was not a charged victim in any of the substantive counts, thereby creating a variance in the superseding indictment and allowing him to be convicted of a charge never brought by the grand jury; and (6) appellate counsel was ineffective for not raising the claim about Deborah Jorgenson on appeal." *Id.*

On August 13, 2019, Mr. Johnson filed an amended motion to Vacate, Set Aside or Correct Sentence, which is the petition *sub judice*. Mr. Johnson raises the following claims of ineffective assistance of counsel: (1) trial counsel's failure to seek dismissal based on speedy trial violations before trial waived his right to pursue the claim on appeal; (2) trial counsel's failure to "file for dismissal based on Brady Violations During Pre-Trial"; (3) sentencing counsel's failure to challenge loss amount attributed to Mr. Johnson, which resulted in "an 18 level enhancement under the Guidelines"; (4) sentencing counsel's failure to object to the Court's failure to notify petitioner that his conviction for aggravated identity

---

[2] *United States v. Wade*, 388 U.S. 218 (1967).
[3] *United States v. Alleyne*, 570 U.S. 99 (2013).

theft could result in consecutive sentences; (5) sentencing counsel's failure to object to his sentence, which was outside the proper range, (6) appellate counsel's failure to raise "several meritorious issues in favor of weaker ones," (7) trial counsel failure to seek a *Wade* hearing to challenge Mr. Johnson's in-court identification by one witness, and (8) sentencing counsel's failure to object to the Court's sentencing Mr. Johnson based on conspiracy, which was not charged in the superseding indictment. Mr. Johnson also raises new claims that (1) the superseding indictment should be dismissed because it failed to name the actual victims of Petitioner's crimes, and (2) using his alleged obstruction of justice to adjust his sentence effectively convicted him of that crime without due process. Finally, Mr. Johnson re-raises his claim about witness Jorgenson.

## Legal Standard

Section 2255 enables a prisoner in federal custody to petition a federal court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Relief under Section 2255 is generally available to rectify three irregularities, namely "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citation omitted). The strictness of this standard embodies the recognition that collateral attack upon criminal convictions is "in tension with society's strong interest in [their] finality." *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir. 1995).

As mentioned, a Section 2255 petition must be brought within one-year of the date the underlying judgment becomes final. 28 U.S.C. § 2255(f)(1). "Section 2255(f) is subject to equitable tolling in appropriate cases." *Barrett v. United States*, 961 F. Supp. 2d 403, 407 (D. Conn. 2013) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)). "To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Id.* (quoting *Hizbullahankhamon*, 255 F.3d at 75. "Such extraordinary circumstances have been found to exist where, *inter alia,* a prisoner's *habeas* petition was intentionally confiscated shortly before the filing deadline, a state court failed to inform a prisoner that his petition for leave to appeal was denied, or when an attorney failed to file a *habeas* petition on behalf of a prisoner, despite explicit directions to do so. *Id.* (citations omitted). Circumstances sufficient to support equitable tolling must be "rare and exceptional." *Id.* (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)).

Claims for ineffective assistance of counsel are analyzed under the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, a movant must both allege facts demonstrating that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687–88, 694. As to the first showing, a movant must demonstrate that counsel's performance "amounted to incompetence under 'prevailing professional norms'" rather than demonstrating

that the performance "deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690). As to the second showing, a movant must demonstrate "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A habeas petitioner generally may obtain review of his claims only if he has raised them at trial and on direct appeal. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) ("In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review."); *Campino v. United States*, 968 F.2d 187, 190 (2d Cir. 1992) ("[F]ailure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice"). As the Second Circuit noted, "collateral review of convictions 'places a heavy burden on scarce judicial resources, may give litigants incentives to withhold claims for manipulative purposes, and may create disincentives to present claims when evidence is fresh.'" *Id.* (quoting *Keeney v. Tamayo Reyes*, 504 U.S. 1, 7 (1992)).

For a court to review procedurally defaulted claims, the petitioner must show both "cause" for the default of each claim and "prejudice" that resulted from the alleged violation. *See Ciak v. United States*, 59 F.3d 296, 302 (2d Cir. 1995) (citation omitted). "Cause under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded

counsel's efforts to comply with the . . . procedural rule." *Id.* (quotation marks omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

To demonstrate prejudice, a petitioner must convince the court "that 'there is a reasonable probability' that the result of the trial would have been different" if not for the alleged error. *Strickler v. Greene*, 527 U.S. 263, 289 (1999) (applying the cause-and-prejudice standard to a state procedural default in a § 2254 habeas case). The question is whether, despite the error, "[the petitioner] received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.* at 289-90 (quotation marks omitted) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

The bar of procedural default can be overcome only in narrow circumstances. One such circumstance is where the petitioner shows that his counsel's performance was constitutionally ineffective. *See Murray v. Carrier*, 477 U.S. 478, 487-88 (1986).

"It is within the district court's discretion to determine whether a hearing is warranted." *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) (holding that even where factual issues may exist, Second Circuit precedent permits a "middle road" of deciding disputed facts on the basis of written submissions); s*ee also Johnson v. Fogg*, 653 F.2d 750, 753 (2d Cir. 1981) (holding that district court was not required to provide a hearing to a *pro se* litigant who did not raise issues sufficient to warrant a hearing).

<u>Analysis</u>

Mr. Johnson first brings eight ineffective assistance of counsel claims arising out of his counsel's actions during trial preparation, trial, sentencing, and appeal.  The Court addresses each claim in turn.

I.    <u>Failure to Seek Dismissal due to Speedy Trial Act Violations</u>

Mr. Johnson argues his trial counsel's failure to seek dismissal due to speedy trial act violations poisoned his appeal because the Second circuit held that his "failure to move to dismiss the indictment and the superseding indictment pre-trial for a Speedy Trial Act violation waived any such challenges pursuant to 18 U.S.C. § 3162(a)(2), which explicitly states that '[f]ailure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal.'"  [ECF No. 56 at 6 (quoting *United States v. Johnson*, 597 F. App'x at 10)].

The Government responds first that this claim, and the other ineffective assistance of counsel claims, are time barred because they were first raised in the instant amended petition, and (1) the instant petition was filed well after the April 23, 2016 date when the statute of limitations expired, and (2) the claims do not "relate back" to the original, timely petition because these new grounds for relief are supported by facts that "differ by both time and type from those set forth in the original habeas petition."  [ECF No. 58 at 10].  Next the Government argues that Mr. Johnson did not pursue his rights diligently because he knew of this ineffective failure to seek dismissal due to Speedy Trial Act violations,

because he raised them on appeal, and he could have argued this in his original habeas petition.

Finally, the Government argues that even if Mr. Johnson's claim that his counsel was ineffective for not seeking dismissal due to Speedy Trial Act violations was not time-barred, the argument would fail because his counsel could not have successfully sought dismissal and was therefore, not ineffective. In other words, even if counsel at the time sought dismissal due to speedy trial clock violations, the Court would not have so dismissed. Therefore, under part two of *Strickland*, there is no prejudice. This is because, according to the Government, the complaint charged conspiracy while the indictments charged substantive counts regarding unauthorized use of an access device and aggravated identity theft. Therefore, under *United States v. Gaskin*, 364 F.3d 438, 451 (2d Cir. 2004), which held that dismissal of the charges set forth in an untimely indictment is *not* warranted where the charges in an indictment differ from the charges in a complaint (even if all of the charges stem from the same underlying offense conduct), counsel was not ineffective because he could not have gotten the indictment(s) dismissed. [ECF No. 58 at 12]. This is especially true, according to the Government, when plea negotiations initiated by Mr. Johnson were the cause of the delay. *Id.* at 14.

Although the Court disagrees with the Government that Mr. Johnson raised his ineffective assistance claim for failure to seek a Speedy trial Act violation dismissal for the first time in the instant petition, because Mr. Johnson actually first raised it in his First Amended Petition, [ECF No. 18], on December 27, 2016,

and again in his corrected amended petition, [ECF No. 19], on January 10, 2017, the Court agrees with the Government that this claim is time-barred.

First, the Speedy Trial Act violation argument was not mentioned in Mr. Johnson's original, timely petition, [ECF No. 1], which argued only that (1) the Government knowingly presented false testimony at trial, (2) the case agent, who also testified, was not sequestered, (3) the Government was guilty of a *Brady* violation, and (4) the Government tried to enlarge the indictment. Because Mr. Johnson's amended petition containing this speedy trial argument, [ECF No. 18], was not filed until December 27, 2016, eight months after the statute of limitations had expired on April 23, 2016, the claim is time-barred. 28 U.S.C. § 2255(f)(1) (setting one-year time limit to file habeas claim).

Second, the Court agrees with the Government that because this ground for relief is supported by facts that "differ by both time and type from those set forth in the original habeas petition," [ECF No. 58 at 10], it does not satisfy Rule 15(c) and therefore "relate back" to the original petition. *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (although initial Sixth Amendment challenge to admission at trial of jailhouse witness interview was timely, the amended Petition which claimed that the petitioner's statements to the police were coerced in violation of the Fifth Amendment did not relate back to the original claim so it was time-barred); *see also United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (where an amended claim referred to ineffective assistance of counsel related to trial testimony and cross-examination of witnesses, it did not relate back to the original claim of ineffective assistance of counsel claim related to admission of

evidence and therefore the amended claim was time-barred); *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir.2005) (holding that *pro se* petitioner's ineffective assistance of counsel claim based upon his counsel's failure to inform petitioner of his appeal rights before the plea did not relate back to his initial claim alleging a due process violation based on the court's failure to advise the petitioner of the same consequences because the claims did not arise from the same core facts); *Ozsusamlar v. United States*, No. 10 Civ. 6655 (KMW) (HBP), 2012 U.S. Dist. LEXIS 189042, at *12-15 (S.D.N.Y. July 26, 2012) (same) (citing cases, including *Ciampi*, 419 F.3d at 24).

Lastly, the court agrees with the Government that Mr. Johnson knew about this claim at the time of filing his original, timely petition because he had raised it on direct appeal, and that Mr. Johnson could not have successfully had his indictments dismissed because they charged substantive crimes unlike the complaint which charged a conspiracy crime.

Mr. Johnson's first ineffective assistance of counsel claim is DENIED.

II. <u>Failure to Seek Dismissal due to *Brady* Violations</u>

Mr. Johnson next asserts his counsel should have moved for dismissal due to the Government's "fail[ure] to disclose exculpatory evidence in the form of confidential informants, failure to turn over tips, leads, interview notes and other evidence concerning these confidential sources utilize[d] by Secret Service Agents and F.B.I. Agent Emil Parelli, which used the information developed during their investigation to target Petitioner as a person of interest/suspect in credit card fraud scams." [ECF No. 56 at 6-7]. In specific, Mr. Johnson argues

that he was never informed that Agent Parelli interviewed a confidential informant who told Parelli that he had worked with Mr. Johnson in 2010 and co-defendant Jamie McGowan, which Mr. Johnson claims is "completely contrary to the testimony of the government's main witness, Lashirelle Bryant, who testified that she worked with Petitioner in carrying out credit card fraud scams approximately 100 times in a year's period." *Id.* at 10. Mr. Johnson avers that if this information had been given to him, and if the information "had it turn been presented at trial, the trial would likely have resulted in a different result" because "there was no physical evidence linking Petitioner to the crime," and all the Government had was Lashirelle Bryant's and Jamie McGowan's testimony, whose testimony was suspect because they were both, according to Mr. Johnson, "cooperat[ing] with the Government to receive lighter sentences in their own criminal cases." *Id.* at 9-10.

The Government responds first, that, like the previous claim, this claim is time-barred because it was raised first in the amended petition now being considered by the Court. Second, the Government argues that the information involved is not *Brady* material as Mr. Johnson argues. The Government notes that "*Brady* material" must be (1) favorable to the accused, either because it is exculpatory, or because it is impeaching, (2) suppressed by the State, and (3) material in that prejudice resulted from its suppression. [ECF No. 58 at 14-15 (citing *Strickler*, 527 U.S. at 281-82)]. The Government argues that it was not favorable to the accused because it supported the Government's case, in that "the confidential informant completely corroborated Bryant's and McGowan's

testimony," *id.* at 15-16, and because at the time of trial the confidential informant could not have been impeached because he was dead. *Id.* at 15. Second, the Government maintains that the information about the confidential informant was provided to Mr. Johnson, noting that he cites Grand Jury testimony about the confidential informant in his amended petition at page 9, [ECF No. 58 at 15], and noting that the case law holds that under *Moore v. Illinois*, 408 U.S. 786, 795 (1972), the government was not required to provide all investigatory material to Mr. Johnson, especially, as here, where the confidential informant's information was never used against Mr. Johnson at trial. [ECF No. 58 at 15 n.3]. Finally, the Government maintains that Mr. Johnson does not explain how the "hearsay testimony of the deceased informant's testimony would have helped his case," and so "trial counsel was in no position to make a Brady claim based on the materials about a non-testifying confidential informant." *Id.* at 15-16.

The Court agrees that, for the reasons discussed, *supra*, Mr. Johnson's ineffective assistance of counsel claim is time-barred, as it was not raised in his original, timely petition. Moreover, the Court agrees that Mr. Johnson fails to meet the high standards of *Strickland* in that he fails to explain *how* the confidential informant's testimony contradicted Lashirelle Bryant's testimony. The mere fact that their testimony is not on all fours does not mean it is inconsistent or contradictory. In addition, his argument that the testimony would have caused the jury to disbelieve Ms. Bryant is speculative at best, particularly because their testimony is not mutually exclusive. For these reasons, Mr. Johnson's trial counsel's alleged failure to bring a *Brady* challenge was a matter

of professional judgment and did not fall below an objective standard of reasonableness or cause Mr. Johnson prejudice. *Strickland*, 466 U.S. at 687–88, 694. Mr. Johnson's second ineffective assistance of counsel claim is DENIED.

III. <u>Sentencing Counsel's Failure to Challenge Loss Amount Attributed to Mr. Johnson, which Resulted in an 18 Level Enhancement under the Guidelines</u>

Mr. Johnson argues that there was contradictory testimony at trial as to loss amount; Lashirelle Bryant, according to Mr. Johnson, testified at one point that she worked with Mr. Johnson two to five times, but elsewhere that she worked with him approximately 100 times. Therefore, the "Rule of Lenity," according to Mr. Johnson, should have led the Court to adopt the lower number, and Mr. Johnson's sentencing counsel should have objected when the court did not do so.

The Government responds that this ineffective assistance of counsel claim is time-barred because it was not raised in Mr. Johnson's original, timely petition. [ECF No. 58 at 10-12]. Further, the Government argues that the rule of lenity only applies when a sentencing guideline itself is ambiguous, which Section 2B1.1(b)(1), applicable here is not. *Id.* at 18. Moreover, the Government points out that the Second Circuit, in denying Mr. Johnson's direct appeal, pointed out that the loss amount calculated by the Court was extremely conservative, and likely low. *Id.* (citing *Johnson*, 597 F. App'x at 11). Finally, the Government argues that Mr. Johnson's present belief that Lashirelle Bryant's testimony was contradictory "is of no moment; the jury and this Court both found [her] testimony credible." *Id.* at 19.

The Court agrees with the Government that Mr. Johnson ineffective assistance of counsel claim regarding the "rule of lenity" is time-barred due to not being included in Mr. Johnson's original, timely petition. Moreover, even if it was not time-barred, Mr. Johnson's claim in this regard fails because his counsel's failure to object to the loss amount did not fall below an objective standard of reasonableness or cause Mr. Johnson prejudice, *Strickland*, 466 U.S. at 687–88, 69. As the Second Circuit's holding recognized this court's calculated loss amount was extremely conservative. Mr. Johnson's third ineffective assistance of counsel claim is DENIED.

IV. <u>Sentencing Counsel's Failure to Object to the Court's Failure to Notify Petitioner that his Conviction for Aggravated Identity Theft Could Result in Consecutive Sentences</u>

Mr. Johnson argues that his sentencing counsel was ineffective because he failed to object to the Court's failure to inform Mr. Johnson that his sentences for unauthorized use of an access device and aggravated identity theft could run consecutively; Mr. Johnson cites Federal Rule of Criminal 32(h), which requires a court to notify a defendant before issuing a non-guideline sentence. [ECF No. 56 at 13-14]. Mr. Johnson also argues that counsel did not object to the Court improperly applying an 18-level enhancement, despite that not being in the PSR, that his counsel argued the wrong enhancement statute under the Guidelines, and that if he had been apprised of the proper sentencing enhancement, he would have received a lesser sentence. *Id.* at 14-16.

The Government argues that Mr. Johnson's ineffective assistance of counsel claim is time-barred because it was not raised in his original, timely

petition. [ECF No. 58 at 10-12]. Further, the Government argues that Mr. Johnson was notified that his sentences could run consecutively in (1) his arraignment on the superseding indictment, (2) the PSR, which was filed 10 months before sentencing, and (3) his own sentencing memorandum, which stated that counts four and eight were punishable by mandatory consecutive sentences. Because of that, the government argues, Mr. Johnson's counsel could not have been ineffective for not objecting to the court not reminding Mr. Johnson that he had been repeatedly informed that his sentences could run consecutively. The Government also quotes the PSR paragraph detailing the 18-level enhancement, and notes that while Mr. Johnson's counsel did argue "for a lower adjusted offense level than what the PSR found," he also "vociferously argued" against the higher level in the PSR. Because of that, he was not constitutionally ineffective.

The Court agrees that Mr. Johnson's ineffective assistance of counsel claim is time-barred because it was not raised in his original, timely petition. In addition, the Court agrees with the Government that Mr. Johnson had clear notice of the potentially consecutive nature of his sentences and the 18-level enhancement, and that his counsel's argument against the higher level was not constitutionally ineffective. Mr. Johnson's fourth ineffective assistance of counsel claim must be DENIED.

V.    **Sentencing Counsel's Failure to Object to Mr. Johnson's Sentence, which was Allegedly Outside the Proper Range**

Mr. Johnson argues that his original sentencing range was 37 to 47 months because of a loss amount of $70,000, and that this range could only have been

higher if allowed by the indictment, found by the jury, or admitted to by Mr. Johnson, none of which, according to Mr. Johnson, happened. Counsel's failure to object to the Court's use of a higher range was ineffective, and the higher sentencing range prejudiced Mr. Johnson by causing him to suffer a sentence higher than the 37 to 47-month range.

The Government, as above, argues that Mr. Johnson's ineffective assistance of counsel claim is time-barred because it was not raised in Mr. Johnson's original, timely petition. [ECF No. 58 at 10-12]. The Government also cites *Alleyne v. United States*, 570 U.S. 99, 113 n.2 (2013), which "carefully explained" that

> [j]uries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range and does so in a way that aggravates the penalty. Importantly, this is distinct from factfinding used to guide judicial discretion in selecting a punishment "within limits fixed by law." While such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern that element of sentencing.

[ECF 58 at 19]. The Government argues that *Alleyne*, rather than restricting sentencing judges, "preserved the ability of sentencing judges to find facts in calculating the appropriate Guidelines range," *id.* at 20, and that therefore Mr. Johnson's counsel was not ineffective under *Strickland* for not objecting to the higher Guideline range used by the Court.

The Court agrees that Mr. Johnson's ineffective assistance of counsel claim is time-barred because it was not raised in his original, timely petition. Moreover, the court agrees with the Government that Mr. Johnson's definition of

a court's sentencing discretion is too restrictive, and that under *Alleyne* the Court had the discretion to sentence Mr. Johnson as it did. Mr. Johnson's fifth ineffective assistance of counsel claim must be DENIED.

## VI. Appellate Counsel's Failure to Raise Several Meritorious Issues in Favor of Weaker Ones

Mr. Johnson sixth ineffective assistance of counsel claim is that on direct appeal, his appellate counsel failed to raise the ineffective assistance of counsel claims detailed above and was therefore himself ineffective. Mr. Johnson notes that "[a]lthough ineffective assistance of counsel claims are best raised in a collateral proceeding," [ECF 56 at 19 (citing *United States v. Khedr*, 343 F.3d 96, 99-100 (2d Cir. 2003)], they may be raised on direct appeal if the "record on direct appeal was sufficiently developed," which Mr. Johnson argues it "clearly" was. *Id.* (citing *United States v. Cox*, 245 F.3d 126, 128 (2d Cir. 2001).

The Government, as above, argues that Mr. Johnson's ineffective assistance of counsel claim is time-barred because it was not raised in Mr. Johnson's original, timely petition. [ECF No. 58 at 10-12]. In addition, the government argues that "appellate counsel was in no position to argue that *Alleyne* prevented the sentencing court from considering relevant conduct and obstruction of justice in arriving at the sentence it imposed. *Alleyne* expressly states that such considerations do *not* violate the Sixth Amendment, so long as the sentence is below the maximum sentence permissible." *Id.*

The Court agrees that Mr. Johnson's ineffective assistance of appellate counsel claim is time-barred because it was not raised in his original, timely petition. This is especially so because Mr. Johnson's argument is that the record

on direct appeal was sufficiently robust to allow raise the ineffective assistance of counsel claims there, and if that is true then Mr. Johnson certainly could and should have included them in his original, timely petition, which he did not. In addition, the Court finds that appellate counsel could not have been constitutionally ineffective under *Strickland* because Mr. Johnson's pre-trial, trial, and sentencing ineffective assistance of counsel claims, as discussed, *supra*, are meritless. Therefore, appellate counsel was wise, not ineffective, in not raising them on direct appeal. Mr. Johnson's sixth ineffective assistance of counsel claim must be DENIED.

VII. **Trial Counsel should have Requested a *Wade* Hearing to Challenge Improper In-court Identification Procedures**

Mr. Johnson argues that his trial counsel should have requested a pre-trial *Wade* hearing to challenge in-court identification procedures, namely, a "show up," because one witness was shown a photograph of Mr. Johnson, and asked to identify him on the spot, which was "impermissibly suggestive." [ECF No. 56 at 23]. Mr. Johnson quotes an in-court interaction, where the witness, a jewelry store employee, identified herself and Mr. Johnson in a store photograph. *Id.* at 24-27. Mr. Johnson argues in addition that the suggestiveness of this procedure was enhanced because the photograph was four-years-old, the witness had never identified Mr. Johnson before, and because he was the only African-American sitting at defense counsel's table at trial. *Id.* at 27-29. Mr. Johnson thus concludes that his counsel was ineffective for not challenging this improper identification procedure. *Id.* at 29.

The Government argues Mr. Johnson's ineffective assistance of counsel claim is time-barred because it was not raised in Mr. Johnson's original, timely petition. [ECF No. 58 at 10-12]. In addition, the government argues that a pre-trial *Wade* hearing was impossible because no pre-trial identification occurred. [ECF No. 58 at 20]. The Government also argues that the witness based her identification of his face on a still from a store video that showed Mr. Johnson, and not on his race, and not on any mug shot or drivers license of Mr. Johnson; therefore, the identification could not have been suggestive as Mr. Johnson suggests. The Government cites *United States v. Argentina*, 173 F. App'x 90, 94 (2d Cir. 2006), which held that even if a suggestive identification occurs, it is harmless error if other independent identification occurs, which the Government argues did happen here because "Lashirelle Bryant identified Petitioner as the person who had directed her to purchase the watch from the jewelry store." [ECF No. 58 at 21].

The Court agrees that Mr. Johnson's ineffective assistance of appellate counsel claim is time-barred because it was not raised in his original, timely petition. Additionally, the Court agrees that the procedure used to identify Mr. Johnson in court was minimally suggestive, if at all, and that to the degree that it was suggestive that was harmless because of Lashirelle Bryant's independent identification. Mr. Johnson's seventh ineffective assistance of counsel claim must be DENIED.

VIII. **Sentencing Counsel Failed to Object to the Court's Sentencing Mr. Johnson based on Conspiracy, which was Not Charged in the Superseding Indictment**

Mr. Johnson, in his final ineffective assistance of counsel claim, argues that despite conspiracy not being charged in his superseding indictment, several times during sentencing, the Court referenced "conspiracy," and therefore Mr. Johnson's sentencing counsel was ineffective for failing to object, which prejudiced Mr. Johnson by causing him to have a greater sentence than he otherwise would have.  [ECF No. 37-38].

The Government argues that "Petitioner's argument miscomprehends the nature of relevant conduct pursuant to U.S.S.G. §1B1.3 and the district court's sentencing discretion pursuant to 18 U.S.C. § 3553(a).  As noted above in the quote from *Alleyne*, so long as a sentence is within the maximum and minimum penalties ascribed by statute, the sentence will not violate the Sixth Amendment." [ECF No. 58 at 20].  "Petitioner's other similar thefts with Bryant and McGowan," *id.*, were relevant to sentencing, according to the Government, and so it was not improper for the Court to take that into account during sentencing.

The Court did not sentence Mr. Johnson based on a conspiracy charge, as evidenced by the Judgment, No. 3:12-cr-00027-VLB, [ECF No. 232].  It was the nature of the crime, however, that Mr. Johnson committed these crimes in the company of co-defendants Lashirelle Bryant and/or Jamie McGowan.  In that sense they did conspire to commit the crimes charged, but those crimes as charged were substantive, not conspiracy, crimes and the Court's discussion of the defendants' actions together do not transform the sentencing into one for conspiracy.  Because Mr. Johnson's sentencing counsel correctly recognized

this, his assistance was not ineffective, and Mr. Johnson's eighth and final ineffective assistance of counsel claim must be DENIED.

Mr. Johnson's Other Claims:

I.    **The Indictment was Deficient because it Failed to Name the Victims**

Mr. Johnson argues that the indictment was defective because it did not name the various victims, which, according to Mr. Johnson, are essential elements of the crimes because the charged crimes require "the existence of a victim in order for a crime to have been committed," and the names of the victims are at 'the very core of criminality.'" [ECF No. 56 at 29-35].

The Government argues that this claim is time-barred because it was not raised in Mr. Johnson's original, timely petition. [ECF No. 58 at 22]. The Government also cites *United States v. Stringer*, 730 F.3d 120, 127 (2d Cir. 2013) in support. That case, according to the Government, held that in a case of aggravated identity theft under 18 U.S.C. § 1028A, naming the victim in the indictment is not required as long as the indictment "track[ed] the statutory language," which therefore showed that the indictment charged the knowing use of "the name of a real, as opposed to a fictitious, person unlawfully." [ECF No. 58 at 22-23 (quoting *Stringer*, 730 F.3d at 127)]. The Government adds that because of this, and because it provided the names of the victims to Mr. Johnson during discovery, Mr. Johnson's claim has no merit. *Id.*

The Court agrees that Mr. Johnson's ineffective assistance of appellate counsel claim is time-barred because it was not raised in his original, timely petition. Additionally, the Court agrees that *Stringer* is directly binding *in this*

*case* and constrains the Court's discretion. In *Stringer*, the appellant on direct appeal argued that his superseding indictment was "constitutionally deficient for failure to name or sufficiently identify the person or persons whose means of identification he used in the bank fraud scheme." 730 F.3d at 121. The Court noted that there were some narrow types of cases where great detail in an indictment was constitutionally required. "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id.* at 126 (quoting *Hamling v. United States*, 418 U.S. 87, 118). These types of cases, the Court explained, included cases of criminal falsity, which require detail regarding what was false, and controlled substance cases, which require detail regarding the type of drug at issue, among others. *Id.* at 127. But the Court explained that there was no "universal requirement" for such detail, and that "[w]e do not believe that the name of the victim in a charge under Section 1028A falls in that narrow category." *Id.* at 126-27. In sum, the court held that "by tracking the statutory language of 18 U.S.C. § 1028A—and alleging that Stringer 'knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person'—the superseding indictment necessarily charged Stringer with knowingly using the name of a real, as opposed to a fictitious, person unlawfully." *Id.* at 127 n.3.

This reasoning governs this Court's response, and the Court agrees with the Government that the failure to provide the names of the victims in the superseding indictment, especially in light of the Government's providing those

names to Mr. Johnson in discovery, was not constitutionally deficient. Mr. Johnson's claim, therefore, must be DENIED.

II. **Using Mr. Johnson's Alleged Obstruction of Justice to Adjust his Sentence Effectively Convicted Him of that Crime without Due Process**

Mr. Johnson argues that because the Court took his alleged obstruction of justice into account when sentencing him, the Court unconstitutionally violated his "5th Amendment right to fair notice and his 6th Amendment right to counsel and a trial by jury." [ECF No. 56 at 36].

The Government repeats that "Petitioner's argument miscomprehends the nature of relevant conduct pursuant to U.S.S.G. §1B1.3 and the district court's sentencing discretion pursuant to 18 U.S.C. § 3553(a). As noted above in the quote from *Alleyne*, so long as a sentence is within the maximum and minimum penalties ascribed by statute, the sentence will not violate the Sixth Amendment." [ECF No. 58 at 20]. "Petitioner's . . . obstruction of justice" was relevant to sentencing, according to the Government, and so it was not improper for the Court to take that into account during sentencing. *Id.*

The Court first notes that this claim, like the others, is time-barred because it was not asserted in Mr. Johnson's original, timely petition. Second, the Court finds this claim without merit, for the reasons cited by the Government, but also because the Sentencing Guidelines specifically allow this type of evidence to be considered during sentencing. *See* U.S. Sentencing Guidelines Manual § 1B1.3 (2014) (sentencing shall consider "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and . . . that occurred during the commission of the offense of

conviction, in preparation for that offense, or in the course of <u>attempting to avoid</u> detection or <u>responsibility</u> for that offense.") (emphasis added). When Mr. Johnson tried to induce one of his co-defendants to swear a false alibi for Mr. Johnson, he was trying to avoid responsibility for his crimes. This was, therefore, exactly the type of factor that Court should have, and did, consider during sentencing. Mr. Johnson's claim, therefore, must be DENIED.

### III. The Court Impermissibly Allowed Deborah Jorgensen's Testimony Regarding Prior Bad Acts of Mr. Johnson

Mr. Johnson argues that the Court violated Federal Rules of Evidence 403(b) and 404(b) by allowing Deborah Jorgensen, who was not one of the victims of the crimes charged, to testify about similar prior actions of Mr. Johnson. Mr. Johnson argues that this testimony is not allowed by the Federal Rules of Evidence, which prohibits "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Mr. Johnson also argues that this was another item that his appellate counsel should have raised on direct appeal.

The Government responds that this claim is time-barred because Mr. Johnson first raised it in an amended petition on February 16, 2018, [ECF No. 27-1], nearly two years after the statute of limitations expired on April 23, 2106. [ECF No. 58 at 23]. The Government also argues that even if this claim was not time-barred, there was no problem in having Ms. Jorgensen testify about Mr. Johnson's prior similar bad acts because they were not offered to prove Mr. Johnson's character to show that here he acted in accordance with that

character.  Rather, according to the Government, this evidence was offered to prove "a common scheme and modus operandi for an idiosyncratic crime and demonstrated that the charged victims had not simply lost their credit cards.  *Id.* at 23-24 (citing *United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1984) ("The similarity sufficient to admit evidence of past acts to establish a recurring modus operandi need not be complete; it is enough that the characteristics relied upon are sufficiently idiosyncratic to permit a fair inference of a pattern's existence") (cited with approval in *United States v. Carlton*, 534 F.3d 97, 102 (2d Cir. 2008)).

The Court agrees that Mr. Johnson's claim is time-barred due to being raised for the first time well after the expiration of the statute of limitations. Additionally, the Court agrees with the Government that Deborah Jorgensen's testimony was allowable under *Sliker*, *Carlton*, and Federal Rule of Evidence 404(b)(2), which allows evidence of a crime, wrong, or other act to be admitted when offered for a purpose other than character evidence, "such as proving motive, opportunity, intent, preparation, <u>plan</u>, knowledge, identity, absence of mistake, or lack of accident."  *Id.* (emphasis added).  Here, the evidence was admissible to demonstrate Mr. Johnson's idiosyncratic criminal plan.  Mr. Johnson's claim must, therefore, be DENIED.

## Conclusion

There is no need for this Court to conduct a hearing on this habeas petition.  Although courts generally "look with disfavor on summary rejection of a habeas petition," *United States v. Aiello*, 900 F.2d 528, 534 (2d Cir.1990) (quotation omitted), the text of § 2255 provides that the Court need not conduct a

hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b) (2014); *see also Aiello*, 900 F.2d at 534 (finding no reversible error in the failure to conduct a hearing where the district court had presided over the trial and was therefore "intimately familiar with the detailed factual record" and where petition's "allegations were patently meritless."); *see also Johnson v. Fogg*, 653 F.2d at 753 (holding that district court was not required to provide a hearing to a *pro se* litigant who did not raise issues sufficient to warrant a hearing). Mr. Johnson is not entitled to relief on his claims. Therefore, this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Court denies a certificate of appealability because jurists of reason would not find this procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court CERTIFIES under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

      IT IS SO ORDERED.

                                     *Vanessa Lynne Bryant*  Vanessa Bryant
                                                        2019.09.04 13:37:27 -04'00'
                              Hon. Vanessa L. Bryant
                              United States District Judge

      Dated at Hartford, Connecticut: September 4, 2019