UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY JOHNSON : | |
| : | No. 3:16-cv-00267 (VLB) |
| v. : | |
| : | DECEMBER 14, 2021 |
| UNITED STATES OF AMERICA : | |

### ORDER ON PETITIONER'S MOTIONS

The Petitioner, Anthony Johnson, brings various motions for relief *pro se* following the Court's denial of his habeas petition. [ECF Nos. 65, 72, 89, 90, 95, 100, 102]. For the following reasons, Mr. Johnson's motions are DENIED.

### I. BACKGROUND

On November 15, 2011, the Honorable Holly B. Fitzsimmons, United States Magistrate Judge, authorized a criminal complaint charging Mr. Johnson with conspiracy to commit fraud with access devices in violation of 18 U.S.C. § 1029(a)(2). *United States v. Johnson*, 3:12-cr-00027, [ECF No. 1]. On January 31, 2012, a grand jury returned an indictment charging Mr. Johnson with one count of unauthorized use of an access device, in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(a)(i), and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. *Id.*, [ECF No. 13]. A superseding indictment issued on March 27, 2012, charging Mr. Johnson with eight counts of unauthorized use of an access device, in violation of 18 U.S.C. §§ 1029(a)(2), 1029(c)(1)(a)(i), and 2; and two counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. *Id.*, [ECF No.

36]. Mr. Johnson was arraigned on April 10, 2012 and pled not guilty to all counts. *Id.*, [ECF No. 41].

Jury selection was conducted on October 2, 2012. *Id.*, [ECF Nos. 113, 114]. Trial commenced on October 16, 2012 and was completed on October 22, 2012, with a jury verdict of guilty on nine of the ten counts. *Id.*, [ECF No. 132].

A Presentence Report was prepared in which it was reported that between 2008 and 2010, Mr. Johnson and two accomplices engaged in an extensive scheme to steal credit and bank cards from customers at movie theaters around Connecticut. Mr. Johnson not only incurred many thousands of dollars in fraudulent charges on the stolen cards, but also generated profits selling items purchased with the cards and used the victims' identities to create false driver's licenses. *Id.*, [ECF No. 158 (PSR) ¶¶ 5-16].

The Probation Officer calculated Mr. Johnson's base offense level under U.S.S.G. § 2B1.1(b)(11)(A) as 6. *Id.*, [ECF No. 158 ¶ 22]. The following upward adjustments were applied:

- 18 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(J) for more than $2,500,000 but less than $7,000,000 in victims' losses to theft, *id.* ¶ 23;
- Four levels pursuant to U.S.S.G. § 3B1.1(a) because the Defendant was an organizer or leader of criminal activity involving five or more participants or that was otherwise extensive, *id.* ¶ 28;
- Two levels pursuant to U.S.S.G. § 2B1.1(b)(2)(A) for an offense involving ten or more victims, *id.* ¶ 24;
- Two levels pursuant to U.S.S.G. § 2B1.1(b)(4) for an offense involving the receipt of stolen property and a Defendant in the business of receiving and selling stolen property, *id.* ¶ 26;
- Two levels pursuant to U.S.S.G. § 2B1.1(b)(11)(A) for an offense involving the use of device-making equipment, *id.* ¶ 27;
- Two levels pursuant to U.S.S.G. § 2B1.1(b)(3) for an offense involving theft from the person of another, *id.* ¶ 25; and
- Two levels pursuant to U.S.S.G. § 3C1.1(A) for obstruction of justice. *Id.* ¶ 30.

Consequently, Mr. Johnson's total offense level was 38. *Id.* ¶ 33.

The PSR—noting his extensive criminal history that included four juvenile adjudications for larceny, robbery, forgery, and theft; ten adult convictions for, *inter alia*, grand theft, robbery, assault, and unlawful carrying of a firearm yielded a Criminal History Category VI. *Id.* ¶¶ 39–84. The resulting sentencing guideline range was 360 months to life imprisonment. *Id.* ¶ 103.

At sentencing on October 24, 2013, the Court dismissed one count of unauthorized use of an access device with the Government's consent. *Id.*, [ECF No. 230]. For the remaining eight counts of conviction and notwithstanding Mr. Johnson's attempt to execute a fraud scheme while in custody on the instant offense, the Court imposed a below-guidelines sentence of 192 months' imprisonment. *Id.*, [ECF No. 232].

Mr. Johnson appealed his conviction and sentence to the Second Circuit. *Id.*, [ECF No. 233]. The Second Circuit affirmed Mr. Johnson's conviction and sentence in a summary order on January 23, 2015. *United States v. Johnson*, 597 F. App'x 8 (2d Cir. 2015).

Mr. Johnson next filed a petition for habeas relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel, a defective indictment, and due process violations. [ECF No. 1]. After numerous delays occasioned by Mr. Johnson's numerous amendments to his habeas petition, the Court denied Mr. Johnson's amended petition on September 4, 2019. [ECF No. 60].

Mr. Johnson then filed a Motion for Amended or Additional Findings on October 7, 2019, [ECF No. 62], which was followed by a second Motion for Amended

or Additional Findings on October 28, 2019. [ECF No. 63]. The second filing added a page missing from the first filing but was otherwise identical. Because Mr. Johnson is *pro se*, the Court considered the two filings as one motion, considering all arguments made by Mr. Johnson.

Mr. Johnson then, on October 29, 2019, filed a "Petition to be Heard on Equitable Tolling." [ECF No. 65].

Mr. Johnson appealed the denial of his habeas petition on November 12, 2019. [ECF No. 66]. This had the effect of divesting the Court of jurisdiction over his pending Motions for Amended/Additional Findings, [ECF Nos. 62, 63], and his petition regarding equitable tolling. [ECF No. 65]. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance," which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). On November 20, 2019, the Government opposed Mr. Johnson's petition re equitable tolling, noting that "[t]he Government assume[s] that the notice of appeal remove[s] the mandate from this Court, but in the exercise of caution, the Government submits this response . . . to the petition." [ECF No. 68]. On December 30, 2019, Mr. Johnson responded, in the form of another motion, to the Government's opposition on equitable tolling. [ECF No. 72].

On May 7, 2020, the Second Circuit ruled that "[t]he appeal will be held in abeyance until the district court rules on Appellant's Federal Rule of Civil Procedure 59(e) motion. *See* D. Conn. 16-cv-267, doc. 62. Appellant's notice of

appeal will become 'effective' when that motion is decided. *See* Fed. R. App. P. 4(a)(4)(B)(i)." [ECF No. 74].

On May 12, 2020, Mr. Johnson moved for a reduction of sentence pursuant to the First Step Act and the Cares Act, citing concerns over his health and the COVID-19 pandemic. [ECF No. 75].

On September 8, 2020, the Court denied Mr. Johnson's motion for sentence reduction, which it was empowered to do owing to the Second Circuit sending the case back for resolution of Mr. Johnson's motions for amended/additional findings, which were still pending, citing his failure to exhaust his available administrative remedies, as required, and his lack of medical conditions that might place him at higher risk of complications should he contract COVID-19 and the lack of COVID cases at Allenwood FCI where Mr. Johnson is housed. [ECF No. 80]. The Court also noted that "Mr. Johnson remains a danger to the community, 18 U.S.C. § 3142(g), and therefore is not a suitable candidate for release." *Id.* at 13.

On September 14, 2020, the Government opposed Mr. Johnson's motion for amended or additional findings, [ECF No. 82], on September 22, 2020, Mr. Johnson appealed the Court's denial of his motion for sentence reduction, [ECF No. 84], and on October 22, 2020, Mr. Johnson replied to the Government's opposition to his motion for amended or additional findings. [ECF No. 88].[1]

---

[1] As explained, *infra*, Mr. Johnson's Reply to the Government's Opposition to his Motion for Amended or Additional Findings was due 14 days after the Government's Opposition, or on September 28, 2020, and was limited to 10 pages. D. Conn. L. Civ. R. 7(d). Mr. Johnson, as noted, filed his Reply on October 22, 24 days late, and it was 35 pages long, 25 pages longer than allowed.

On October 28, 2020, Mr. Johnson filed a "Letter Motion to the Court," [ECF No. 89], and a Motion for Discovery, [ECF No. 90].  On October 30, 2020, the Government opposed the Letter/Motion, [ECF No, 91], and on November 3, 2020, opposed Mr. Johnson's motion for discovery.  [ECF No. 92].

On November 23, 2020, Mr. Johnson filed a Motion for Expedited Ruling to All Motions Due to COVID-19 Outbreak.  [ECF No. 95].

On November 25, 2020, the Court denied Mr. Johnson's Motions for Amended/Additional Findings.  [ECF No. 94].  This had the effect of returning jurisdiction over the case back to the Second Circuit and divesting this Court of jurisdiction over Mr. Johnson's habeas case.  *Griggs*, 459 U.S. at 58.

On January 13, 2021, Mr. Johnson a Motion for Immediate Release pursuant to Federal Rule of Civil Procedure 60(b)(3) and (4).  [ECF No. 97].  On January 26, 2021, the Court denied Mr. Johnson's Motion "due to lack of jurisdiction."  [ECF No. 98 (citing *Griggs*, 459 U.S. at 58)].

On April 2, 2021, Mr. Johnson filed a Motion for Expedited Hearing pursuant to *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.D.C. 1992).

On July 13, 2021, the Second Circuit mandate issued in both of Mr. Johnson's appeals, with the Court of Appeals dismissing his appeal of his habeas denial "because Appellant has not 'made a substantial showing of the denial of a constitutional right,'" [ECF No. 101 (quoting 28 U.S.C. § 2253(c)(2) and citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))], and dismissing Mr. Johnson's appeal of his compassionate release denial "because it 'lacks an arguable basis either in law or in fact.'"  *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) and citing 28

U.S.C. § 1915(e) and *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007) (per curiam)).

On September 7, 2021, Mr. Johnson moved to compel the Court to respond to his motion regarding *Sellers*. [ECF No. 102].

## II. LEGAL STANDARD

Section 2255 enables a prisoner in federal custody to petition a federal court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Relief under Section 2255 is generally available to rectify three irregularities, namely "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citation omitted). The strictness of this standard embodies the recognition that collateral attack upon criminal convictions is "in tension with society's strong interest in [their] finality." *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir. 1995).

Before "a second or successive [habeas] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

"The filing of a notice of appeal is an event of jurisdictional significance," which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58.

7

### III. DISCUSSION

Mr. Johnson filed various motions for relief after the Court denied his habeas petition, and the Court will address them in chronological order. But as an initial matter, the Court notes that the Second Circuit has affirmed Mr. Johnson's conviction and sentence, *United States v. Johnson*, 597 F. App'x 8 (2d Cir. 2015), and dismissed Mr. Johnson's appeal of the Court's denial of Mr. Johnson's habeas petition, [ECF No. 101], and his appeal of the Court's denial of Mr. Johnson Motion for Compassionate Release. *Id.* Any of the grounds for Mr. Johnson's post-habeas denial motions could have been raised with the Second Circuit in Mr. Johnson's habeas appeal, and if they were, the Second Circuit has now found those grounds meritless, and if they were not, Mr. Johnson is procedurally defaulted for not raising them on appeal. *Se Campino v. United States*, 968 F.2d 187, 190 (2d Cir. 1992) ("[F]ailure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice").

A. Equitable Tolling

Mr. Johnson claims that the Court should not have found his claims time-barred in denying his habeas petition because "prison personnel . . . seize[d] Mr. Johnson's discovery, which caused him to miss the one-year period deadline to file his claims in his initial § 2255." [ECF No. 65 at 2]. This, Mr. Johnson argues, constitutes an "extraordinary" circumstance as "a matter of law," which means the

Court should equitably toll the habeas statute of limitations and therefore not find his claims time barred.  *Id.* (citing *Morello v. James*, 810 F.2d 344 (2d Cir. 1987)).

The Government opposes Mr. Johnson's motion regarding equitable tolling on several grounds.  First, it argues that "[t]o demonstrate prejudice, a petitioner must convince the court 'that there is a reasonable probability that the result of the trial would have been different' if not for the alleged error."  [ECF No. 68 at 3 (quoting *Strickler v. Greene*, 527 U.S. 263, 289 (1999) ("applying the cause-and-prejudice standard to a state procedural default in a § 2254 habeas case.")]. Second, the Government argues that "appellate courts have 'rejected the argument that lack of access to library materials automatically qualified as grounds for equitable tolling,' *id.* (quoting *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001)), "and the argument that solitary confinement and lockdowns qualify as extraordinary circumstances."  *Id.* (citing *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)).  The Government also notes that "Judge Haight has held that '[e]ven if [petitioner] did not have all the necessary materials or experienced a delay in obtaining them, those are not extraordinary circumstances.'"  *Id.* (quoting *Padilla v. United States*, Nos. 02 Civ. 1142 (CSH), 94 CR. 313 (CSH), 2002 WL 31571733, at *4 (S.D.N.Y. Nov. 19, 2002)).

Lastly, as a factual matter, the Government argues that Mr. Johnson's legal papers were not confiscated, only relocated to a central file, to which Mr. Johnson "had full access . . . , just not 24-hour access to his legal documents as he had when he had been allowed to retain his documents in his cell." *Id.* at 4.  This means, according to the Government, that "[h]aving failed to establish that he was denied

9

access to the documents in his central file, the mere fact that he was not allowed to access his legal papers in his cell is not a ground for equitable tolling." *Id.* at 4-5 (citing *See Padilla*, 2002 WL 31571733, at *4 (denying equitable tolling because petitioner "has failed to demonstrate that he was reasonably diligent in attempting to file his petition despite the purported delays in obtaining his materials.").

First, the Court notes that the statute of limitations was not the only grounds for denying Mr. Johnson's habeas petition. In every case, the Court cited not only the time bar, if applicable, but also the substantive grounds warranting denial of Mr. Johnson habeas petition. *See generally* [ECF No. 60]. For that reason alone, Mr. Johnson has not shown prejudice because even if the Court were to grant his motion for equitable tolling, the Court would <u>still</u> deny his habeas petition. *See Strickler*, 527 U.S. at 289 (holding that to demonstrate prejudice, a petitioner must convince the court "that there is a reasonable probability that the result . . . would have been different" if not for the alleged error). Here, the result would have been the same.

Second, even if the Court did find that the result could be different, it would still deny Mr. Johnson's motion regarding equitable tolling because removal of his legal papers to a central holding facility, that Mr. Johnson had periodic, even if inconvenient access to, is not grounds for equitably tolling the statute of limitations. *Padilla*, 2002 WL 31571733, at *4 ("[e]ven if [petitioner] did not have all the necessary materials or experienced a delay in obtaining them, those are not extraordinary circumstances.").

10

For these reasons, the Court denies Mr. Johnson's motions for equitable tolling, [ECF Nos. 65, 72].

B. Letter Motion and Motion for Discovery [ECF Nos. 89, 90]

Mr. Johnson avers in his Letter Motion that the Government committed misrepresentation to the Court by withholding information about additional charges it intended to bring after Mr. Johnson agreed to continue his probable cause hearing. Because of the Government's alleged misconduct, Mr. Johnson requests that the Court dismiss his indictment with prejudice or dismiss the aggravated identity theft counts "for the interest of justice and public reputation." [ECF No. 89 at 5]. Mr. Johnson also moves for discovery, "which would allow Mr. Johnson to prove his claims for relief; specifically, Mr. Johnson requests the Government provide "FBI 302 forms of the interview SA Perille had with the secret service confidential . . . source, and along with all of the grand jury transcripts." [ECF No. 90 at 1].

The Government responds that "[n]owhere in his motion does Johnson indicate what statute and/or rule he is relying upon as the procedural mechanism for this motion," "th[e] motion is a second and successive habeas petition, which does not rely on a new rule of constitutional law made retroactive by the Supreme Court," and "even if the Court were to entertain Johnson's claim on the merits, the Court would find it to be incorrect." [ECF No. 91 at 1, 6]. As to Mr. Johnson's motion for discovery, the Government states that Mr. Johnson's "trial counsel had been provided with these documents," and argues that Mr. Johnson "is not entitled to these documents as part of discovery in a habeas case, especially in one that

has been denied or has been filed without permission as a second and successive petition." [ECF No. 92 at 1-2]. The Court agrees with the Government on all counts.

First, Mr. Johnson provides no controlling legal basis for either motion. *See generally* [ECF Nos. 89, 90]. Second, the Court agrees that the Letter Motion is, in effect, a second habeas petition which Mr. Johnson did not get permission to file. Before "a second or successive [habeas] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). His Letter Motion is, therefore, improper, and the Court has no power to grant it, even if it was inclined to do so. Third, the Court finds no impropriety on the Government's part, and therefore finds no basis to dismiss Mr. Johnson's indictment or his aggravated identity theft counts, even if it considered Mr. Johnson's motion to be authorized. As to Mr. Johnson's discovery requests, the Court agrees that he is not entitled to same, as the motions for additional/amended filings he attempts to support have been denied, making his requests moot, and because he is not entitled discovery on an improper, second habeas petition.

For these reasons, Mr. Johnson's Letter Motion and Motion for Discovery, [ECF Nos. 89, 90], are DENIED.

C. Motions for Relief based on *Sellers v. Bureau of Prisons* [ECF Nos. 100, 102]

Mr. Johnson asserts that on February 11, 2020, he filed a "Sellers investigation challenging his PSR to correct the inaccurate sentencing enhancements . . . , which the Court has ignored." [ECF No. 100 at 1]. He also

requests that the Court review his claim now and "Immediate[ly] Release" him. *Id.* The Court declines to do so for the following reasons.

First, Mr. Johnson's request, pursuant to *Sellers v. Bureau of Prisons*, 959 F.2d 307, 311 (D.C. Cir. 1992), is improper as it should have been included in his habeas petition that was denied by the Court on September 4, 2019. It also should have been incorporated into Mr. Johnson's appeal to the Second Circuit, which the Court of Appeals has now found to be meritless. Therefore, procedurally, Mr. Johnson is effectively attempting to get a second bit at the habeas apple and have the Court rule on even more grounds than the ones he put in his habeas motion that the Court denied.

Second, even if the Court were to entertain Mr. Johnson's *Sellers* claim, the court would still deny Mr. Johnson's motions. The Court finds no error in the PSR. For these reasons, Mr. Johnson's *Sellers* motions are denied.

## IV. CONCLUSION

Given his failure to meet the various requirements for relief, as explained, the Court DENIES Mr. Johnson's various motions. [ECF Nos. 65, 72, 89, 90, 100, 102]. The Court also DENIES Mr. Johnson's motion for expedited ruling, [ECF No. 95], as moot in light of this Ruling. The Court cautions Mr. Johnson that any future motion must cogently and concisely state the factual and legal basis for his claim and any motions filed without same will be summarily denied.

IT IS SO ORDERED

_____/s/_____

**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: December 14, 2021**